# **COMPLAINT**

Exhibit 2

Mutual Confidentiality Agreement, dated October 17, 2016

## MUTUAL CONFIDENTIALITY AGREEMENT

This Agreement is entered into this __14th__ day of __October__, 2016, between TOMY International, Inc. and its affiliates whose address is 2021 9th Street SE, Dyersville, Iowa 52040 and ___Flipsi, Ltd.___ whose address is ___1017 Oakland Ave., Ann Arbor, MI 48104___.

WHEREAS, each party contemplates the disclosure of proprietary confidential information (as said Confidential Information is hereinafter defined) to the other pursuant to discussions for a project of mutual business interest,

WHEREAS, it is the intention of the parties that the Confidential Information be maintained by each party in confidence and not disclosed to others pursuant to the terms hereof, and

NOW, THEREFORE, in consideration of the mutual covenants set forth below, the parties agree as follows:

1. Confidential Information as used in this Agreement shall include: product development information including but not limited to, product ideas, product concepts, product design, product prototypes, inventions, trade secrets, copyrights, trademarks, patent, patent applications, sketches, drawings, models, and other artworks, specifications, research, research results and analysis; financial information including but not limited to, business forecasts, profit and loss statements, balance sheets, investor information; and marketing information including but not limited to, sales and marketing forecasts, marketing plans, customer lists, marketing strategies; and manufacturing information including but not limited to, processes, formulas, engineering studies, specifications, procurement requirements, identification of current or prospective manufacturing or supply sources. Confidential Information shall include all information not in the public domain communicated by either party either orally, by document, or in any visual, audible, or electronic format.

2. Each party may, in furtherance of the purposes of this Agreement, disclose the Confidential Information to those employees to whom such disclosure is necessary in order to properly evaluate the Confidential Information. Each employee who receives any Confidential Information shall execute an agreement for the purpose of limiting said employee's disclosure of Confidential Information in a manner consistent with the restrictions imposed by the terms of this Agreement.

3. Each party agrees to treat all Confidential Information of the other party in the strictest confidence, to use a degree of care it would accord its own Confidential Information, but in no event should a party exercise less than reasonable care to protect the Confidential Information communicated under this Agreement. Each of the parties further agrees that it shall not disclose any Confidential Information of the

other party to any third party and that it shall use its best efforts to prevent inadvertent disclosure of such Confidential Information.

4. Confidential Information shall not include information which:

   A. the recipient of such Confidential Information can reasonably demonstrate was already lawfully known to such recipient, prior to disclosure, free of any prior obligation of confidentiality or, in the case of any document, was lawfully in the receiving party's possession from a source other than the disclosing party before receipt from the disclosing party;

   B. is in the public domain through no wrongful act of the receiving party;

   C. is obtained in good faith by the receiving party from a third party who was lawfully in possession of such information without breach of any obligation of confidentiality;

   D. was demonstrably and independently developed by the receiving party, without reference to Confidential Information received hereunder; and

   E. is required to be disclosed pursuant to judicial action or government regulation, provided the other party is notified at least thirty (30) days prior to such disclosure. In such case, each party agrees to reasonably cooperate with the party whose Confidential Information is to be disclosed elects to legally contest such disclosure.

   Provided, in the event information is obtained or developed pursuant to paragraphs C. or D. above, the receiving party shall immediately identify any information which the receiving party believes will lose its protection under this Agreement and notify the disclosing party accordingly.

5. All materials, provided to one party by the other, including copies, shall remain the property of the providing party and all materials, including copies, shall be immediately returned to the providing party upon the earlier of: completion of the party's review; request for return by the providing party; or expiration of reasonable time to meet the purposes of this Agreement

6. The parties shall not acquire any license, grant, assignment, or other transfer of any intellectual or other property rights of the other pursuant to this Agreement. Neither party has an obligation under this Agreement to purchase any product or service from the other party, nor to enter into any further agreement with the other party.

7. This Agreement is entered into for the limited purpose of protecting dissemination of information relating to Confidential Matters. Nothing herein shall be construed to create an agreement for purchase, merger, partnership, joint venture, agency, or any other purpose or relationship.

8. This Agreement shall include information exchanged or provided by either party, pursuant to the purposes identified above, and shall continue indefinitely subject to termination only by the terms of Paragraph 4 above.

9. The parties each acknowledge that monetary damages would be difficult to ascertain, and would not provide a satisfactory remedy to a party if Confidential Information were disclosed. Accordingly, a party who believes its Confidential Information was or is threatened to be disclosed shall be entitled to obtain a preliminary restraining order, preliminary injunction, permanent injunction, and/or other appropriate relief as may be required to enforce this Agreement. Public disclosure by a party seeking remedy for alleged breach of this Agreement shall not be deemed inconsistent with the purpose of this Agreement and shall not bar or otherwise effect right to relief hereunder. Each party agrees that, in the event of action to enforce the terms hereof, a party shall request a protective order, and that the court records in any said action to be sealed and otherwise secured against public disclosure.

10. This Agreement shall be governed and interpreted according to the laws of the State of Illinois, and any action to enforce the terms hereof shall be filed in the State of Illinois.

The parties to this Agreement execute this Mutual Confidentiality Agreement on the date set forth above, and by their execution agree to abide by the terms of the Agreement and to bind their successors in interest to the terms hereof.

AGREED AND ACCEPTED

TOMY International, Inc.

By: _____

Name: TAKAHIRO ISHIDATE

Title: Officer, Legal

Date: October 17, 2016

Flipsi, Ltd.
Company Name

By: _____

Name: Jeffrey Plott

Title: Chairman & CTO

Date: 10/13/2016