IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLIPSI, LTD., | ) |
|       Plaintiff, | ) |
| vs. | ) Casa No. 23 C 745 |
| TOMY INTERNATIONAL, INC., | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Flipsi, Ltd. has sued TOMY International, Inc. for infringement of a design patent and for breach of contract. TOMY has moved to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court dismisses the breach of contract claim, with leave to amend, but declines to dismiss the patent infringement claim.

### Facts

The Court takes the facts from Flipsi's first amended complaint.

Flipsi designs and sells reusable baby bottles and bottle inserts. TOMY also sells baby bottle inserts.

On May 28, 2019, Flipsi filed a design patent application for a beverage container insert. The United States Patent and Trademark Office approved the application and issued U.S. Patent No. D890,574 to Flipsi on July 21, 2020. The application that led to the '574 patent claims priority to U.S. Design Patent No. D779,882, the application for which was filed on September 3, 2015.

In October 2016, TOMY made an unsolicited request to meet with Flipsi, seeking a potential collaboration to produce baby bottles. Shortly thereafter, Flipsi and TOMY signed a "mutual confidentiality agreement" that barred TOMY from disclosing confidential information obtained in the course of the parties' discussions. Later in October 2016, Flipsi and TOMY met and discussed marketing, design modifications, and Flipsi's intellectual property. In March 2017, however, TOMY notified Flipsi that it would no longer be collaborating with Flipsi.

In March 2018, Flipsi learned that TOMY was marketing and selling a line of bottle inserts in the United States. In September 2020, Flipsi sent TOMY notice of the '574 patent and contended that TOMY was infringing the patent. TOMY did not respond to Flipsi's communications prior to the filing of this lawsuit.

In its amended complaint, Flipsi alleges that certain of TOMY's products infringe Flipsi's '574 patent. It also alleges that TOMY has breached the parties' mutual confidentiality agreement by using confidential information obtained from Flipsi to create its product line.

TOMY has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). TOMY seeks dismissal of Flipsi's patent infringement claim (Count 1) in part; TOMY contends that Flipsi has no plausible claim of infringement with respect to TOMY's 4-ounce bottle inserts. (TOMY does not seek dismissal with respect to the contention that its 8-ounce bottle inserts infringe the '574 patent.) TOMY seeks dismissal of the breach of contract claim (Count 2) in its entirety. It contends, among other things, that Flipsi has not identified any confidential information that it claims TOMY used.

## Discussion

**1.     Patent infringement claim**

To satisfy the pleading requirements for a claim of patent infringement, a complaint must have "(1) an allegation of jurisdiction, (2) a statement that the plaintiff owns the patent, (3) a statement that [the] defendant has been infringing the patent by making, selling, and using the device embodying the patent, (4) a statement that the plaintiff has given the defendant notice of its infringement, and (5) a demand for an injunction and damages." *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1289 (Fed. Cir. 2012).

Only one of these requirements is at issue. Specifically, TOMY contends that Flipsi's claim of infringement with respect to the 4-ounce bottle inserts is implausible. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Infringement of a design patent is determined based on a two-part test. First, the court construes the patent claim to determine its meaning and scope; and second, the finder of fact compares the properly construed claim to the accused design. *See Lanard Tous Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020). The second part of the test involves what is called the "ordinary observer" test, which asks whether "'in the eye of an ordinary observer . . . two designs are substantially the same,' such that 'the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other . . . .'" *Curver Lux., SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1338 (Fed. Cir. 2019) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). TOMY contends

that its 4-ounce inserts do not pass the "ordinary observer" test for infringement of a design patent.

In its motion to dismiss, TOMY is not asking (or at least is not *just* asking) the Court to require Flipsi to plead the details of the application of the ordinary observer test. Rather, it is asking the Court *to apply the test* and dismiss part of Flipsi's claim. Specifically, TOMY argues that "Flipsi cannot plausibly contend the overall appearance of the '574 patent design and that of TOMY's 4 oz. design are substantially the same." Def.'s Mem. at 9. TOMY says that "[a]ny reasonable observer would very easily recognize the substantially different proportions of the claimed design as compared to the accused TOMY 4 oz. design." *Id.*

The Court concludes that it cannot appropriately determine this point on a motion to dismiss for failure to state a claim. In particular, there has been no construction of the patent claim—the first part of the test for infringement—and in fact TOMY does not even address that point in its motion to dismiss memorandum. Thus even if a Court may appropriately apply the ordinary observer test on its own on a motion to dismiss, there is not, at this stage of the case, a properly construed patent claim to provide the backdrop for the application of the test. The comparison required by the ordinary observer test does not happen in a vacuum; that is the import of the requirement to compare the design of the accused product to a properly construed patent claim. This vacuum is not filled by anything in the complaint or in TOMY's moving papers. Accordingly, the Court concludes that TOMY is not entitled to dismissal of Count 1.

2. **Breach of contract claim**

The Court turns next to Count 2, Flipsi's breach of contract claim. There are four

4

elements to a claim for breach of contract. "In Illinois, '[i]n order to plead a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 759, 814 N.E.2d 960, 967 (2004)).

Flipsi has not adequately alleged the third element. In particular, its allegations regarding TOMY's disclosure of confidential information are entirely conclusory; Flipsi does not identify any particular confidential information that it contends TOMY used. Rather, Flipsi's allegations amount to broad generalities: it alleges, without elaboration, that TOMY disclosed "product development information, patents, patent applications, research, and marketing information." Am. Compl. ¶ 35. Vague and conclusory allegations are insufficient to sustain a claim. *See, e.g., Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013). The Court therefore dismisses Count 2, with leave to amend.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss with respect to Count 2 but denies the motion [22] with respect to Count 1. Plaintiff is given until August 16, 2023 to file a second amended complaint.

Date: August 2, 2023

_____
MATTHEW F. KENNELLY
United States District Judge