# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FLIPSI, LTD., | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-00745 |
| | ) |
| v. | ) Judge Matthew F. Kennelly |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| TOMY INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT TOMY INTERNATIONAL, INC'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Joseph M. Kuo (Bar ID 6216400)
Bethany Beaver (Bar ID 6335548)
SAUL EWING, LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100
joseph.kuo@saul.com
bethany.beaver@saul.com

*Attorneys for Defendant*
*TOMY International, Inc.*

# TABLE OF CONTENTS

I. Introduction ........................................................................................................................ 1

II. Statement of Facts ............................................................................................................. 1

III. Standard of Review ........................................................................................................... 3

IV. Argument ........................................................................................................................... 3

    A. Partial Summary Judgment Of Noninfringement Of the 4 Oz. Pouch Should Be Granted Because Flipsi Has No Evidence To Prove Infringement ......................... 3

    B. The '574 Patent Is Anticipated By Flipsi's Multiple Public Disclosures Of the Claimed Design More Than One Year Before The Earliest Priority Date ............. 6

        1. Design Competitions ..................................................................................... 7

        2. Trade Show Application ................................................................................ 8

        3. Public Use With Over 160 Potential End Consumers ................................. 9

    C. TOMY is entitled to Summary Judgment Of No Design Patent Damages ........... 10

        1. Article of Manufacture ............................................................................... 10

        2. Harrington Is Incompetent To Opine On The Article of Manufacture ..... 11

        3. Flipsi's Design Patent Damages Figures Are Entirely Speculative .......... 12

        4. Flipsi's Breach Of Contract Damages Figures Should Be Excluded ........ 14

V. CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 786 F.3d 983 (Fed. Cir. 2015) (reversed on other grounds) ...............................................................................................13

*Beaumont v. JP Morgan Chase Bank*, 782 F. Supp. 2d 656 (N.D. Ill. 2011) .................3

*Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373 (7th Cir. 1998) .............................3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...............................................................3

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119 (Fed. Cir. 2019) ......................................................................................................3

*Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308 (Fed. Cir. 2001) ...................7, 9

*Dura Auto. Sys. of Indiana, Inc. v. CTS Corp*, 285 F.3d 609 (7th Cir. 2002)...............12

*Egyptian Goddess Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) ............................5

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015) ........4, 5

*Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598 (7th Cir. 2014) ..........14, 15

*In re Maatita*, 900 F.3d 1369 (Fed. Cir. 2018) ...............................................................2

*Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233 (Fed. Cir. 2009).........7

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ...................................................11

*Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020)......................4, 5

*Massey v. Johnson*, 457 F.3d 711 (7th Cir. 2006) .........................................................15

*OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396 (Fed. Cir. 1997).......................3

*Samsung Electronics Co., Ltd. v. Apple Inc.*, 580 U.S. 53 (2016)................................10

*Smith v. Ford Motor Co.*, 215 F.3d 713 (7th Cir. 2000)................................................11

*TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625 (7th Cir. 2007)......................14

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416 (7th Cir. 2005) ...........11, 12

**STATE CASES**

*Ivey v. Transunion Rental Screening Sols., Inc.,* 2021 IL App (1st) 200894 ................14

**FEDERAL STATUTES**

35 U.S.C. § 102 ..................................................................................... 2

35 U.S.C. § 102(a)(1) ........................................................................... 7

35 U.S.C. § 102(b)(1) ........................................................................... 7

35 U.S.C. § 289 ........................................................................ 10, 13, 14

**STATE STATUTES**

Rule 56(c) ............................................................................................ 15

Rule 702 .............................................................................................. 11

## I.    Introduction

Plaintiff, Flipsi, Ltd. ("Flipsi"), alleges infringement of U.S. Design Patent D890,574 ("'574 patent"). (ECF No. 33 at 4). The '574 patent is for the ornamental design for a "beverage container insert." Flipsi alleges TOMY International, Inc. ("TOMY") infringes the '574 Patent through its sales and offering for sale of two different baby bottle components shown below.



As referred to herein, the products identified in the First Amended Complaint from left to right are the "8 Oz. Pouch" and the "4 Oz. Pouch," respectively. Flipsi seeks damages for TOMY's alleged infringement. Flipsi further claims breach of contract based on an alleged breach of a confidentiality agreement and monetary damages therefor. (ECF No. 33 at 5).

Summary judgment should be granted for: (1) no infringement by the 4 Oz. Pouch; and (2) invalidity of the '574 Patent for anticipation. Further, Flipsi's damages expert's opinions regarding what constitutes the "article of manufacture" should be barred because he is incompetent to render such opinions. As a result, summary judgment of no damages should be granted because Flipsi is unable to present admissible evidence that has any reliability regarding the amount of damages. Flipsi's damages expert's opinions regarding damages for breach of contract should also be excluded as wholly unreliable, and summary judgment in favor of TOMY on Flipsi's breach of contract claim should be granted.

## II.    Statement of Facts

The '574 Patent includes a single design. (TSOF ¶ 34). The lone design depicts in solid

lines a beverage container insert having specific proportions where the top lip width relative to the container's height is approximately 2 to 3, *i.e.*, the top lip is 2/3 as wide as the container is high. (TSOF ¶ 35). These aspect ratios are depicted in solid lines, and therefore define the claimed design. *In re Maatita*, 900 F.3d 1369, 1372 (Fed. Cir. 2018). The 4 Oz. Pouch has a top lid width relative to the pouch's height of 1 to 1, *i.e.*, the top lid is as wide as the pouch is high. (TSOF ¶ 42). Flipsi's technical expert, Paul Hatch ("Hatch"), offered no opinion that the 4 Oz. Pouch infringed the '574 Patent. (TSOF ¶ 36). Instead, Hatch admitted his infringement opinions were limited to the "8-ounce product." (TSOF ¶ 39). Hatch further admitted he had no opinion "that the overall appearance of the 4-ounce product is substantially the same as the design in the 574 patent…." (TSOF ¶ 38).

Flipsi's damages expert, James Harrington ("Harrington"), offers his opinion on patent damages based on the entire bottle assembly[1] including both the 8 Oz. Pouch and the 4 Oz. Pouch. (TSOF ¶ 47). Harrington offers no opinions regarding any pouch by itself despite the '574 Patent being only for the "beverage container insert."

The priority date for the '574 Patent is September 3, 2015. (TSOF ¶ 33). Any public disclosures prior to September 3, 2014 are prior art. 35 U.S.C. § 102. Flipsi publicly disclosed images of a prototype and provided actual prototypes of its design to end users prior to September 3, 2014. (TSOF ¶¶ 1-6). Such disclosures included depictions of the prototype design below as part of two separate fundraising competitions, demonstrations of the prototype beverage container insert to over 160 members of the public, and a submission of a depiction that Flipsi admitted would read on its claimed design as part of a trade show application. (TSOF ¶¶ 3, 10, 16, 22).

---

[1] Reference to a "bottle assembly" relates to the TOMY's bottle assembly including a nipple, collar, frame and pouch. The accused pouches are included as part of the bottle assembly, but also separate from the bottle assembly. (TSOF ¶ 48).

**What market need does your product meet?**
One of the greatest needs for reusable bottles today is easier bottle cleaning. This was discovered as Flipsi observed, interviewed, and demonstrated prototypes to over 160 potential end users. While many user



**Silicone Base** ——————————
- 100% food-grade silicone
- BPA Free
- Flips inside out for easy cleaning and drying

(TSOF ¶¶ 3, 10, 16, 22)

## III.     Standard of Review

Summary judgement is proper where pleadings, depositions, answers to interrogatories, affidavits, and admissions show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 376 (7th Cir. 1998). If the nonmoving party has the burden of proof at trial for a claim or defense, the moving party can show it is entitled to summary judgment by pointing to the lack of evidence supporting the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). "Summary judgment is put up or shut up time … [i]t is not a dress rehearsal or practice run; a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beaumont v. JP Morgan Chase Bank*, 782 F. Supp. 2d 656, 663 (N.D. Ill. 2011).

## IV.     Argument

### A.     Partial Summary Judgment Of Noninfringement Of the 4 Oz. Pouch Should Be Granted Because Flipsi Has No Evidence To Prove Infringement

Flipsi must prove design patent infringement by a preponderance of the evidence. *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019). Design patents protect only "the novel, ornamental features of the patented design," limited to the article as it is shown in the patent. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Design patent infringement involves "a two-part test: (1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then

compares the properly construed claim to the accused design." *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020). The comparison is from the perspective of the "ordinary observer." The "ordinary observer" test is the sole design patent infringement test. *Id.* Infringement is found "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.* "Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,'" there can be no infringement. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Flipsi cannot satisfy its burden of proving infringement of the 4 Oz. Pouch or the 4 Oz. bottle assembly. Flipsi has no evidence to show an ordinary observer would consider the 4 Oz. Pouch design to be substantially the same as the claimed design. Flipsi's design expert, Hatch, gave no opinion regarding whether an ***ordinary observer*** would consider the design of the 4 Oz. Pouch to be substantially the same as the claimed design. (TSOF ¶ 36). Indeed, Hatch admits he has no such opinion. (TSOF ¶ 37). Accordingly, Flipsi has no evidence that an ordinary observer would consider the design of the 4 Oz. Pouch to be substantially the same as the claimed design, and for this reason alone summary judgment of no infringement regarding the 4 Oz. Pouch is warranted.

Further, no reasonable juror could find that the 4 Oz. Pouch design is substantially the same design as the claimed design. Comparing the 4 Oz Accused Product with the '574 patent figures, it is clear there is no infringement.



(TSOF ¶ 40). As is immediately apparent, the relative height and width proportions of the claimed design and the 4 Oz. Pouch are different (*Id*.), and an ordinary observer would know immediately that the 4 Oz. Pouch is not the same as the claimed design. (*Id*.). The "only visual similarity between the Accused 4 Oz. Pouch and the '574 Patent is the similar thick outwardly extending flange from the top edge." (TSOF ¶ 41). TOMY's expert opined that an ordinary observer would immediately recognize the claimed design and the 4 Oz. Pouch design to not be substantially the same observing "there is no similarity in proportion with the accused 4 oz. pouch being much shorter than the '574 Patent." (TSOF ¶ 42). Flipsi also admits this fact. (*Id*.).

Furthermore, the sidewalls of the 4 Oz. Pouch are indisputably different from the claimed design. (TSOF ¶ 43). As a matter of law, this undisputed difference is something an ordinary observer would take particular note of. "When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art." *Egyptian Goddess Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008). Indeed, the Federal Circuit explains "the attention of the ordinary observer `will be drawn to those aspects of the claimed design that differ from the prior art, … which would cause "the distinctions between the patented and accused designs [to be] readily apparent." *Lanard*, 958 F.3d at 1343 (internal citations omitted).

With the '574 Patent, the patent examiner highlighted the specific curvature of the claimed design as a distinction from the prior art as a basis for allowance.

### Examiner's Statement of Reasons for Allowance

None of the prior art has identical sidewall angle as the claimed design. Most of the art found has straight sidewalls that only tapered around the lower portion of the container, but the sidewalls of the claimed design tapered inwardly started from the upper 1/3 of the container, and curve inwardly dramatically close to the base. The thick flanged rim is also not found during the search, which combined with the slop of the sidewalls made the claimed design allowable.



This point of distinction – straight sidewalls that only tapered around the lower portion of the container (prior art) versus sidewalls tapering inwardly starting from the upper 1/3 of the container and curving inwardly dramatically close to the base (claimed design) – is the same distinction between the 4 Oz. Pouch sidewalls and the claimed design. (TSOF ¶¶ 44-45).

Lastly, this Court construed the claimed design as: "a beverage container insert which incorporate the ornamental design shown in the drawings in solid lines. The '574 patent's drawings shown using broken lines are not part of the claimed design. The contour lines shown on the surface of the beverage insert container in figures 1−5 represent contour only." (ECF No. 64). The drawings show a uniform surface without any lines. (TSOF ¶¶ 40, 46). The 4 Oz. Pouch surface is not uniform, and instead includes a series of horizontal lines. (TSOF ¶ 46). Flipsi admits to this difference. (*Id.*) This immediately discernable difference further demonstrates no reasonable juror could find the 4 Oz. Pouch infringes the '574 Patent. TOMY is entitled to summary judgment.

**B.    The '574 Patent Is Anticipated By Flipsi's Multiple Public Disclosures Of the Claimed Design More Than One Year Before The Earliest Priority Date**

Over one year before the priority date, Flipsi repeatedly publicly disclosed the design. (TSOF ¶¶ 9-10, 16, 25). These include applications to design competitions, a trade show application, and public use of "prototypes to over 160 potential end users." (TSOF ¶¶ 3, 7, 14, 26).

An invention is anticipated if "the claimed invention was … in public use … or otherwise available to the public before the effective filing date of the claimed invention. 35 U.S.C. § 102(a)(1). "A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1) if … the disclosure was made by the inventor or joint inventor …." 35 U.S.C. § 102(b)(1). "[D]esign patent anticipation requires a showing that a single prior art reference is 'identical in all material respects' to the claimed invention." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001). The test for anticipation of a design patent is the same as the test for infringement – the ordinary observer test. *Int'l Seaway Trading Corp. v. Walgreens Corp*., 589 F.3d 1233, 1240 (Fed. Cir. 2009).

The '574 Patent claims an earliest filing date of September 3, 2015. (TSOF ¶ 33). Any public disclosure before September 3, 2014 renders the '574 Patent invalid for anticipation. The inventors invalidated the '574 Patent by way of different types of disclosures, including competition submissions, a product expo application, and prototype demonstrations to end users.

### 1. Design Competitions

Prior to September 2014, Flipsi's inventors entered at least two competitions in hopes of raising money. In the application for each of these competitions, Flipsi disclosed its container insert as the "Silicone Base" shown below. (TSOF ¶¶ 9-10, 16).



Prior to March 24, 2014, Flipsi prepared and submitted the "D2D Phase III Application" (Dare to Dream). (TSOF ¶ 14). The application contained the figure above. (TSOF ¶ 16). Flipsi was ultimately selected as a contestant for the competition and judges received the application for

evaluation. (TSOF ¶ 19). Flipsi was ultimately successful at the competition and won funding. (TSOF ¶¶ 18, 20). No confidentiality restriction related to the application exists. (TSOF ¶ 21).

Also in spring 2014, Flipsi attempted to participate in the 2014 ASME IShow competition. (TSOF ¶ 7). Flipsi submitted a "2014 ASME IShow Competition Application" (TSOF ¶¶ 7, 12), and disclosed the same silicone base as in the D2D application. (TSOF ¶¶ 9-10). The 2014 ASME IShow took place on April 28, 2014, so the application was disclosed before April 28. (TSOF ¶ 8). No confidentiality restriction related to the IShow application exists. (TSOF ¶ 13).

The "silicone base" is substantially the same as the claimed design when viewed from the eyes of an ordinary observer. (TSOF ¶ 11).



(TSOF ¶¶ 11, 40). The proportions are substantially the same, the lip and sidewalls are substantially the same, and the surfaces are uniform. Flipsi's disclosure of the claimed design at least as part of the competition applications renders the '574 Patent invalid due to anticipation.

### 2. Trade Show Application

Prior to September 2014, Flipsi's inventors submitted an application to participate in the ABC Kids Expo, which included providing a "product overview." (TSOF ¶¶ 26, 27). In the application for the ABC Kids Expo, Flipsi disclosed the "Flipsi Design Elements" including its container insert as the "Silicone Base" shown below:



(TSOF ¶ 28). Prior to the ABC Kids Expo show (before the critical date of September 2014), Flipsi again disclosed the container design found in the '574 patent in the expo's application. (TSOF ¶ 31). Flipsi also admitted the "Silicone Base" disclosed would be covered by the '574 Patent. (TSOF ¶ 30) ("that patent that's at issue in this litigation would cover the silicone base shown."). Because disclosure of the silicone base that would be covered by the '574 Patent occurred before the priority date, the '574 Patent is invalid for anticipation. *Door-Master*, 256 F.3d at 1312 ("[t]hat which infringes, if later, would anticipate, if earlier").

### 3.     Public Use With Over 160 Potential End Consumers

Flipsi, in its previously discussed competition application documents with the rendering of the prototype, admitted that it "observed, interviewed, and demonstrated prototypes to over 160 potential end users." (TSOF ¶ 2). Flipsi further admitted "this prototype or, you know, a version of this prototype would have been shown to, you know, potential endusers." (TSOF ¶ 3).

No documents were produced to suggest that any, let alone all, of these 160 potential end users were subject to any confidentiality agreement. (TSOF ¶ 5). Indeed, when asked about this end user research Jeff Plott confirmed no confidentiality agreements were in place. (TSOF ¶ 5).

Thus, Flipsi's own pre-priority date statements establish it at least publicly used a prototype with its claimed design with many potential end users. As such, the '574 Patent is invalid.

**C.     TOMY is entitled to Summary Judgment Of No Design Patent Damages**

As discussed, summary judgment of no infringement by the 4 Oz. Pouch should be granted. Thus, there can be no damages vis-à-vis the 4 Oz. Pouch or the 4 Oz. Bottle Assembly. Summary judgment of no damages for the 8 Oz. Pouch or Bottle Assembly should also be granted, because Flipsi has no reliable damages evidence.

Flipsi relies on Harrington, who first opines the "article of manufacture" relevant to measuring damages is the entire Bottle Assembly, not just TOMY's pouches, and in turn offers only a single damages number lumping together all of the sales for both the 8 Oz. Bottle Assembly and the 4 Oz. Bottle Assembly. (TSOF ¶¶ 47, 49). Harrington is incompetent to offer an opinion on the article of manufacture, therefore undermining the very foundation for his opinions. (TSOF ¶¶ 51-53). Harrington also has no damages opinion related to just the 8 Oz. product. (TSOF ¶ 56). As such, Flipsi's damages claim for that product apart from the 4 Oz. product is purely speculative.

**1.     Article of Manufacture**

35 U.S.C. § 289 provides "[w]hoever … without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any *article of manufacture* for the purpose of sale, or (2) sells or exposes for sale any *article of manufacture to which such design or colorable imitation has been applied* shall be liable to the owner to the extent of his total profit, but not less than $250...." Determining damages under § 289 "involves two steps: first, identification of the 'article of manufacture' to which the infringed design has been applied; second calculation of the infringer's total profit made on that article of manufacture." *Samsung Electronics Co., Ltd. v. Apple Inc.*, 580 U.S. 53, 59 (2016). As for the "article of manufacture," Flipsi relies on its damage expert who opines the article of manufacture is the entire Bottle Assembly. TOMY disputes this, yet for this motion, Harrington is unqualified to even offer an opinion to support this premise.

## 2.      Harrington Is Incompetent To Opine On The Article of Manufacture

Expert testimony is admissible under Rule 702 if technical or specialized knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue." District courts act as gatekeepers and must ensure expert testimony "is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The court must determine whether the expert is qualified in the relevant field and examine the methodology used. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718-19 (7th Cir. 2000). Expert evidence is admissible only when "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 418 (7th Cir. 2005). Harrington's opinion on the article of manufacture for the subject product in this matter, which forms the foundation for his damages analysis, must be excluded because he is not qualified to opine thereon.

Harrington conducts a four factor analysis to determine the "article of manufacture" and concludes "the revenues on all Nursh bottle components and liners are properly included in the disgorgement of profit analysis." (TSOF ¶ 49). This four factor analysis involves: (1) the scope of the claimed design; (2) the relative prominence of the design within the product as a whole; (3) whether the design is conceptually distinct from the product as a whole; and (4) the physical relationship between the patented design and the rest of the product. (TSOF ¶ 50).

Harrington has no expertise in product design or design patents. (TSOF ¶ 51). Harrington has no expertise in consumer perceptions regarding prominence of a design within an overall product. (TSOF ¶ 52). Instead, Harrington purports to be an expert in "damages, financial, and accounting matters." (TSOF ¶ 53). Being an expert in damages, financial, and accounting does not make Harrington qualified to opine on any of the matters related to determining an article of manufacture. Indeed, when asked about his experience in conducting article of manufacture

analysis, Harrington stated he had never done such an analysis before. (TSOF ¶ 54). Further, when questioned about what qualified him to offer opinions related to the four factor analysis for article of manufacture, Harrington could not point to any specialized knowledge he had, and resorted to saying he was not really giving an opinion, but was just making "observations." (TSOF ¶ 55).

Having specialized knowledge to analyze financial statements does not make Harrington competent to analyze the scope of a design patent, the prominence of the design relative to the overall product, whether the patented design is conceptually distinct from the product as a whole, or the physical relationship between the patented design and the rest of the product. The Seventh Circuit case *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp,* 285 F.3d 609, 615 (7th Cir. 2002), is particularly instructive. In *Dura*, the Seventh Circuit held "[a] theoretical economist, however able, would not be allowed to testify to the findings of an econometric study conducted by another economist if he lacked expertise in econometrics and the study raised questions that only an econometrician could answer." *Id*. Harrington may be competent to testify on accounting matters, but he is incompetent to testify on design patent claim scope or product design issues, and his "article of manufacture" opinions should be excluded.

Long after the due date for expert disclosures on issues on which Flipsi bears the burden of proof, namely, April 2, 2024 (ECF No. 64), Flipsi instructed Hatch to offer an opinion during his deposition agreeing to Harrington's opinions. (TSOF ¶ 59). Flipsi's attempt to backfill Harrington's opinions during Hatch's deposition are untimely and should be stricken.

### 3.     Flipsi's Design Patent Damages Figures Are Entirely Speculative

Flipsi's design patent damages asserted by Harrington are entirely speculative, and should be excluded as unreliable. *Zenith Elecs. Corp. v. WH-TV Broad. Corp*., 395 F.3d 416, 418 (7th Cir. 2005). The clear unreliability is for a number of reasons.

First, a foundation to Harrington's damage number is his "article of manufacture" opinion that "all Nursh bottle components and liners" are the relevant article of manufacture. (TSOF ¶ 49). Harrington's foundation crumbles as a result of his incompetence to laying it. Flipsi then adds to the unreliability of Harrington's damages number by having him only give a single damages figure for TOMY's total sales of the 8 Oz. Bottle Assembly and the 4 Oz. Bottle Assembly.

As for Flipsi's claim that profits attributable to the Bottle Assembly, as contrasted to the Pouch, this depends on Harrington's incompetent article of manufacture opinions. This was a choice by Flipsi. Despite having the necessary data, Harrington chose not to offer any opinions regarding damages for just TOMY's Pouch. (TSOF ¶ 56). Therefore, Flipsi has no evidence of damages attributable only to TOMY's Pouch.

Separately, as discussed above, Flipsi has no evidence that the 4 Oz. Pouch infringes. Of course, the patent laws only provide for damages due to infringement. *See* 35 U.S.C. § 289. "Section 289 explicitly authorizes the award of total profit from the article of manufacture **bearing the patented design**." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 786 F.3d 983, 1002 (Fed. Cir. 2015) (reversed on other grounds); *see also* 35 U.S.C. § 289. Hatch, however, does not conclude that the 4 Oz. Pouch infringes. (TSOF ¶ 57). In fact, Hatch did not even consider the 4 Oz. Pouch to be an "Accused Product." (TSOF ¶ 58). Therefore, the inclusion of sales of the 4 Oz. Pouch, with or without its Bottle Assembly, into Mr. Harrington's damages number is entirely unreliable.

In order to include sales of the 4 Oz. Bottle Assembly, Hatch offers the legally insupportable claim that because TOMY sells both the 8 Oz. and 4 Oz. products, the 4 Oz. product should be included in the infringement damages. Hatch opines: "[h]aving concluded that the Ordinary Observer would be deceived into thinking that the source of the Accused Product[2] is that

---

[2] Hatch explained that "Accused Product" referred to the 8 Oz. Pouch. (TSOF ¶ 58).

of the Claimed Design, it thus follows that the 4oz Container's clear association with the Accused Product would mean it too deceives the Ordinary Observer as to its source." (TSOF ¶ 57). Flipsi's attempt extend infringement damages to a product for which it fails to have any evidence of infringement, while creative, is wholly improper. Without this legally flawed premise, Flipsi's damages figures become entirely speculative and not something that a factfinder could rely upon.

As such, summary judgment of no lost profits should be granted. To the extent that Flipsi argues that in the event infringement is found, it is entitled to some amount of money, the patent statute provides that an amount of "not less than $250" may be recovered. 35 U.S.C. § 289.

### 4. Flipsi's Breach Of Contract Damages Figures Should Be Excluded

Breach of contract requires four elements: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 600 (7th Cir. 2014) (citation and internal quotes omitted). Harrington's damages related to the alleged breach of contract are so unreliable they should be excluded. As such, summary judgment that Flipsi is unable to prove damages related to the alleged breach of contract should be granted.

To prove breach of contract, "a plaintiff must 'establish an actual loss or measurable damages resulting from the breach in order to recover.'" *Ivey v. Transunion Rental Screening Sols., Inc.,* 2021 IL App (1st) 200894, ¶ 39. "[A] plaintiff must establish both 'that he sustained damages ... [and] he must also establish a reasonable basis for computation of those damages.'" *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 632 (7th Cir. 2007). "[F]ailure to prove damages entitles the defendant to judgment as a matter of law." *Ivey,* 2021 IL App (1st) 200894, ¶ 39.[3]

---

[3] "[W]hen a party establishes that it is entitled to damages but fails to prove the amount of those damages to a reasonable degree of certainty, only nominal damages are recoverable at the discretion of the trial judge." *TAS Distrib.*, 491 F.3d at 632.

Harrington's opinions regarding breach of contract damages are wholly unreliable and should be excluded. Harrington's damages calculation is based on a single highest instance of Flipsi sales, which he then applied for all subsequent time periods. (TSOF ¶ 61). In other words, Mr. Harrington simply took the highest amount of sales Flipsi ever achieved, and applied this number for all time. Harrington disregarded Flipsi's historic sales. (TSOF ¶ 62). Harrington did not determine average sales prior to TOMY entering the market. (TSOF ¶ 63). Harrington also disregarded any growth rate prior to TOMY's entry into the market. (TSOF ¶ 64). Notably, Mr. Harrington's approach was done despite the fact, as he admitted, that he possessed the data to have conducted a fulsome analysis. (TSOF ¶ 65). In short, Harrington's opinions are not based on sufficient facts or data, are not the product of principles and methods, and should be excluded.

If Harrington's opinions are excluded, Flipsi has no evidence of damages due to the alleged breach of contract. Flipsi thus cannot prove a necessary element to its breach of contract claim, *see Hongbo Han*, 762 F.3d at 600, and summary judgment is appropriate. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) ("Rule 56(c) mandates entry of summary judgment against that party because 'a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.'").

## V.    CONCLUSION

For the foregoing reasons, Defendant TOMY International, Inc. respectfully requests that this Court grant TOMY's motion for partial summary judgment.

Date: July 25, 2024                    Respectfully submitted,

By    /s/ Joseph M. Kuo                 
         Joseph M. Kuo (Bar No. 6216400)
         Bethany Beaver (Bar No. 6335548)
         SAUL EWING, LLP
         161 N. Clark Street, Suite 4200
         Chicago, Illinois 60601
         (312) 876-7100
         joseph.kuo@saul.com
         bethany.beaver@saul.com

         *Attorneys for Defendant*
         *TOMY International, Inc*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 25, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Joseph M. Kuo*