UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FLIPSI, LTD.**,

        Plaintiff,

   vs.

**TOMY INTERNATIONAL, INC.,**

      Defendant.

Case No. 23-cv-00745

Judge Matthew F. Kennelly
Magistrate Judge Jeffrey T. Gilbert

---

**PLAINTIFF FLIPSI, LTD'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND MOTION TO EXCLUDE DEFENDANT'S EXPERT'S
<u>ANTICIPATION OPINION</u>**

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................1

II.    COUNTER-STATEMENT OF RELEVANT FACTS .........................................1

III.   STANDARD OF REVIEW ...................................................................................3

IV.   ARGUMENT .........................................................................................................3

     A.    **Flipsi Has Provided Evidence that the 4 Oz. Pouch Infringes the '574 Patent.** ...............................................................................................3

          1.    A Reasonable Juror Would Conclude TOMY's 4-ounce Bottle Insert Infringes the Claimed Design. ....................................4

          2.    Hatch Has Provided Evidence to Support a Finding of Infringement for the 4-ounce Bottle Insert. ...............................7

     B.    **The '574 Patent Is Not Invalid for Prior Anticipation Because the Disclosures Relied Upon By TOMY Were Not "Public ".** ...............8

          1.    The Competitions and Disclosures TOMY Relies Upon Were Not Public. .............................................................................8

          2.    The Court Should Exclude TOMY's Expert's Opinion on Anticipation ...............................................................................9

          3.    The ABC Kids Expo Trade Show Was Not Public and Was Within The Statutory Grace Period. ....................................10

          4.    Flipsi Did not Engage with Public Use with over 160 End-Users. .............11

     C.    **The Court Should Deny TOMY's Request for Summary Judgment of No Design Patent Damages.** ..........................................................11

          1.    Harrington Is Competent to Issue an Opinion on Article of Manufacturer. ...................................................................11

          3.    Flipsi's Design Patent Damages are Based on TOMY's Own Records And are not speculative. ...............................................13

          4.    Harrington's Breach of Contract Damages Should Not Be Excluded. ........................................................................14

V.    CONCLUSION ....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

### <u>Federal Cases</u>

*Advanced Display Systems, Inc. v. Kent State University,*
212 F.3d 1272 (Fed. Cir. 2000) ........................................................................... 9

*Apple Inc. v. Samsung Elecs. Co.,*
2017 WL 4776443 (N.D. Cal. Oct. 22, 2017) ...................................................... 12

*Apple Inc. v. Samsung Elecs. Co.,*
786 F .3d 983 (Fed. Cir. 2015) ............................................................................ 14

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.,*
2008 WL 4083145 (N.D. Ill. Aug. 27, 2008) ..................................................... 8

*Bercy Indus., Inc. v. Mech. Mirror Works, Inc.,*
274 F. Supp. 157 (S.D.N.Y. 1967) ..................................................................... 4

*Bernhardt, L.L.C. v. Collezione Europa USA, Inc.,*
386 F. 3d 1371 (Fed. Cir. 2004) ..................................................................... 8, 9

*Blackhawk Molding Co. v. Portola Packaging, Inc.,*
422 F. Supp. 2d 948 (N.D. Ill. 2006) .................................................................. 3

*Chamberlain Grp., Inc. v. Lear Corp.,*
756 F. Supp. 2d 938 (N.D. Ill. 2010) .................................................................. 3

*City of Elizabeth v. Am. Nicholson Pavement Co.,*
97 U.S. 126 (1877) ............................................................................................. 11

*Cordis Corp. v. Bos. Sci. Corp.,*
561 F.3d 1319 (Fed. Cir. 2009) .......................................................................... 8

*Crocs, Inc. v. Int'l Trade Com'n,*
598 F.3d 1294 (Fed. Cir. 2010) .......................................................................... 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
509 U.S. 579 (1993) ........................................................................................... 11

*Delano Farms Co. v. Cal. Table Grape Comm'n,*
778 F.3d 1243 (Fed. Cir. 2015) .......................................................................... 11

*Dey, L.P. v. Sunovion Pharm., Inc.,*
715 F.3d 1351 (Fed. Cir. 2013) .......................................................................... 10

*Dorman Prod., Inc. v. Paccar, Inc.,*
201 F. Supp. 3d 663 (E.D. Pa. 2016) ................................................................. 7

*Egyptian Goddess, Inc. v. Swisa, Inc.,*
    543 F.3d 665 (Fed. Cir. 2008)..........................................................................4

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,*
    796 F.3d 1312 (Fed. Cir. 2015)........................................................................4

*Goetz v. Hershman,*
    2010 WL 2813497 (S.D.N.Y. July 15, 2010) ..................................................10

*Graver Tank & Mfg. Co. v. Linde Air Prod. Co.,*
    339 U.S. 605 (1950)..........................................................................................1

*Illinois Tool Works, Inc. v. Solo Cup Co.,*
    461 F.2d 265 (7th Cir. 1972) ..........................................................................10

*In re Maatita,* 900 F.3d at 1377 ...........................................................................7

*Kao v. Snow Monster Inc.,*
    2019 WL 2164192 (C.D. Ca. May 16, 2019) ..........................................4, 5, 6

*Kitsch LLC v. Deejayzoo, LLC,*
    2023 WL 4291445 (C.D. Cal. May 8, 2023) ...................................................13

*Kyocera Wireless Co. v. President Elecs., Ltd.,*
    179 Fed.Appx. 53 (Fed. Cir. 2006).................................................................13

*Lapsley v. Xtek, Inc.,*
    689 F.3d 802 (7th Cir. 2012) ..........................................................................11

*Lee v. Mike's Novelties, Inc.,*
    543 F. App'x 1010 (Fed. Cir. 2013) .................................................................8

*Lewis v. Citgo Petroleum Corp.,*
    561 F.3d 698 (7th Cir. 2009) ..........................................................................11

*Loeffel Steel Prod., Inc. v. Delta Brands, Inc.,*
    387 F. Supp. 2d 794 (N.D. Ill. 2005) ..............................................................10

*Martin v. F.E. Moran, Inc.,*
    2017 WL 1105388 (N.D. Ill. Mar. 24, 2017)...................................................15

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
    420 F.3d 1369 (Fed. Cir. 2005)........................................................................3

*Metavante Corp. v. Emigrant Sav. Bank,*
    619 F.3d 748 (7th Cir. 2010) ..........................................................................15

*Nat'l Graphics, Inc. v. Brax Ltd,*
    151 F. Supp. 3d 903 (E.D. Wis. 2015)............................................................10

*Nordock, Inc. v. Sys., Inc.*,
    2017 WL 989864 (E.D. Wis. Mar. 13, 2013) ................................................................ 12

*Nordock, Inc. v. Sys., Inc.*,
    2017 WL 5633114 (E.D. Wis. Nov. 21, 2017) .............................................................. 14

*Richardson v. Stanley Works, Inc.*,
    597 F.3d 1288 (Fed. Cir. 2010).................................................................................... 3

*Samiam Grp., LLC v. Coopersburg Assocs., Inc.*,
    650 F. Supp. 3d 295 (E.D. Pa. 2023) .......................................................................... 4

*Samsung Elecs. Co., Ltd. v. Apple Inc.*,
    137 S. Ct. 429 (2016) ................................................................................................ 12

*Shure Inc. v. ClearOne, Inc.*,
    2021 WL 7209740 (D.Del. Oct. 5, 2021) ................................................................... 13

*Smith v. Ford Motor Co.*,
    215 F.3d 713 (7th Cir. 2000) ..................................................................................... 13

*Spigen Korea Co. v. Ultraproof, Inc.*,
    955 F.3d 1379 (Fed. Cir. 2020)................................................................................... 8

*Sun Hill Indus. v. Easter Unlimited*,
    831 F. Supp. 1024 (E.D.N.Y. 1993) ........................................................................... 7

*Superior Graphite Co. v. Timcal SA*,
    2005 WL 8177557 (N.D. Ill. Aug. 22, 2005) ............................................................. 8

*Tecumseh Prod. Co. v. Briggs & Stratton Corp.*,
    295 F. Supp. 2d 902 (E.D. Wis. 2003)...................................................................... 13

*Think Green Ltd. v. Medela AG*,
    2022 WL 6123348 (N.D. Ill. Oct. 7, 2022).................................................................. 6

*Transmatic, Inc. v. Gulton Indus., Inc.*
    601 F.2d 904 (6th Cir. 1979) ...................................................................................... 6

*United States v. Brumley*,
    217 F.3d 905 (7th Cir. 2000) ..................................................................................... 12

*Von der Ruhr v. Immtech Int'l, Inc.*,
    570 F.3d 858 (7th Cir. 2009) ..................................................................................... 15

*Weber-Stephen Prod. LLC v. Sears Holding Corp.*,
    2015 WL 9304343 (N.D. Ill. Dec. 22, 2015) ............................................................. 4

## **Federal Statutes**

35 U.S.C. § 102(b) .................................................................................................. 8, 10

35 U.S.C. § 289 .................................................................................................... 11, 14

## I.   <u>INTRODUCTION</u>

"One who seeks to pirate an invention, … may be expected to introduce minor variations to conceal and shelter the piracy." *Graver Tank & Mfg. Co. v. Linde Air Prod. Co*., 339 U.S. 605, 607 (1950).  Defendant TOMY International, Inc. ("<u>TOMY</u>") did just that when it took confidential information from Plaintiff Flipsi, Ltd. ("<u>Flipsi</u>"), used that information, copied Flipsi's patented design (United States Design Patent No. D890,574), and began selling the Boon Nursh 8-ounce and 4-ounce infringing products (the "<u>Accused Products</u>"):







| **'574 patent, Figure 1 (Flipsi's Product)** | **Infringing TOMY Bottle Insert (8-ounce)** | **Infringing TOMY Bottle Insert (4-ounce)** |

TOMY now moves this Court for Partial Summary Judgment, largely basing its arguments on such minor variations. TOMY's motion should be denied. *First*, the 4-ounce bottle insert infringes Flipsi's '574 Patent, which a reasonable juror could conclude (with or without expert testimony). *Second*, the '574 Patent was not made public or in public use so as to be invalid for anticipation. *Third*, Flipsi's damages expert (James Harrington ("<u>Harrington</u>")) is qualified to issue an opinion on the article of manufacture, and his damages reports are not speculative. If any of TOMY's criticisms of Harrington's report were valid (they are not), they would go to weight and not admissibility of such evidence.  *Lastly*, the record is replete with all of the evidence for Flipsi to establish damages concerning its breach of contract claim (with or without expert testimony).

## II.   <u>COUNTER-STATEMENT OF RELEVANT FACTS</u>

Flipsi designs and sells reusable baby bottles, including bottle inserts. (Flipsi's SOF ¶ 1 ("<u>FSOF</u>")).  After forming the company in April 2013, Flipsi went through various product design and development stages between 2013 and 2015, before finalizing the design claimed in United

States Design Patent No. D890,574 ('574) (the "Claimed Design") (*Id*. ¶ 3). The '574 Patent claims a singular claim of an ornamental design for a beverage container insert as shown in the drawings in solid lines. (Flipsi's SOF ¶¶ 15, 17). The '574 Patent contains no express disclaimers or limitations, and includes opaque, textured, or translucent variations and is otherwise not limited in scope or size. (*Id*.; Flipsi's Resp. TSOF ¶ 35).

In development, Flipsi participated in several competitions and a trade show. (FSOF ¶¶ 4-13, 19-22; Flipsi's Resp. TSOF ¶¶ 7-32). The materials submitted for these competitions depicted different designs than the Claimed Design at issue in this litigation. (FSOF ¶ 13; Flipsi's Resp. TSOF ¶ 9-11, 13, 15-17, 22-25, 27-28). It was also understood that these materials were not made public, as only the judges (often a single judge) saw these materials. (FSOF ¶¶ 7-13; Flipsi's Resp. TSOF ¶¶ 9-11, 13, 15-17, 21). Further, Flipsi submitted all of its materials to the ABC Kids Expo trade show in 2014, pursuant to a nondisclosure agreement. (FSOF ¶¶ 11-12). The ABC Kids Expo occurred September 7-10, 2014, less than one year prior to the '574 priority date (September 3, 2015). (*Id*. ¶¶ 11, 16). Also, any demonstrated prototypes were "primarily to just friends and family" who "knew it was really between" Flipsi and them. (Flipsi's Resp. TSOF ¶¶ 2-3, 5-6.).

In October 2016, TOMY was in the preliminary stages of developing a baby bottle but was having "significant concerns about the feasibility of [their] bottle design" and were without an engineer. (FSOF ¶ 29). TOMY then contacted Flipsi because Flipsi's baby bottle product "solve[d] pretty much all of the problems [TOMY] [was] targeting." (FSOF ¶¶ 23, 29). Flipsi and TOMY executed a mutual confidentiality agreement ("MCA"), which TOMY breached when it used Flipsi's confidential information to design and create a bottle that copied Flipsi's patented design and began selling the infringing Accused Products. (FSOF ¶¶ 24-29, 32-38).

Flipsi's technical expert, Paul Hatch ("Hatch") opined through several reports that both

TOMY's 8-ounce and 4-ounce bottle inserts infringed the '574 Patent. (FSOF ¶ 34-38; Flipsi's Resp. TSOF ¶¶ 9-17, 29, 34-46). Flipsi's damages expert, Harrington, opined through several reports the damages suffered by Flipsi as a result of the infringement and breach of contract by TOMY, including an opinion that the article of manufacture is the entire bottle assembly. (FSOF ¶ 39-40; Flipsi's Resp. TSOF ¶¶ 48-51, 53-56, 61-65).

## III.   STANDARD OF REVIEW

"Summary judgment is appropriate only if, [] there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373 (Fed. Cir. 2005). The movant carries the initial burden of proving that there are no genuine issues of material fact. *Chamberlain Grp., Inc. v. Lear Corp.*, 756 F. Supp. 2d 938, 945-46 (N.D. Ill. 2010). If the movant meets this burden, it then shifts to the nonmovant to present specific evidence there is a genuine issue for trial. *Id.* "The court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor." *Blackhawk Molding Co. v. Portola Packaging, Inc.*, 422 F. Supp. 2d 948, 951 (N.D. Ill. 2006).

## IV.   ARGUMENT

### A.   FLIPSI HAS PROVIDED EVIDENCE THAT THE 4 OZ. POUCH INFRINGES THE '574 PATENT.

"Design patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). Design patent infringement occurs when a defendant "(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." 35 U.S.C. § 289. The test for infringement of a design patent is the ordinary observer test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). The focus of the ordinary observer test is on the overall ornamental visual impression

rather than "similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., 796 F.3d 1312, 1335 (Fed. Cir. 2015*)*. Thus, "[a]n element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error." *Id.*; *see also Weber-Stephen Prod. LLC v. Sears Holding Corp.*, No. 13 C 01686, 2015 WL 9304343, at \*11 (N.D. Ill. Dec. 22, 2015).  Here, TOMY's argument that Flipsi has "no evidence" that the 4-ounce bottle insert infringes the '574 Patent is incorrect for several reasons and its Motion for claiming no infringement for the 4-ounce bottle insert should be denied.

### 1.  A Reasonable Juror Would Conclude TOMY's 4-ounce Bottle Insert Infringes the Claimed Design.

The elemental differences on which TOMY relies to differentiate the 4-ounce bottle insert from the Claimed Design and argue that no reasonable juror could find that the 4-ounce bottle insert infringes, do not support a finding of no infringement.  *First*, TOMY argues that because "the relative height and width proportions of the claimed design and the 4 Oz. Pouch are different" an ordinary observer would "know immediately that the 4 Oz. Pouch is not the same as the claimed design."  (TOMY's Mot, PageID #:1720).  But slight differences in size and proportion is not significant to the infringement analysis.  *See Kao v. Snow Monster Inc*., No. CV1708934RSWLGJSX, 2019 WL 2164192, at \*1 (C.D. Cal. May 16, 2019) ("If slight variances in size or proportion negated infringement, the protection afforded by design patents would essentially be rendered useless."); *see also Samiam Grp., LLC v. Coopersburg Assocs., Inc*., 650 F. Supp. 3d 295, 317 (E.D. Pa. 2023)  (denying defendant's motion for summary judgment … a "reasonable jury could find that the two designs [] are substantially the same."); *see also Bercy Indus., Inc. v. Mech. Mirror Works, Inc*., 274 F. Supp. 157, 161 (S.D.N.Y. 1967).

For example, in *Kao* the defendant began selling a light-bulb shaped bottle container that was "nearly identical" to plaintiff's patented design but was larger in size and proportionality. *Kao v. Snow Monster Inc.*, No. CV1708934RSWLGJSX, 2019 WL 2164192, at *1 (C.D. Cal. May 16, 2019). In particular, the defendant's accused product was 27 fl. oz. and two to three times larger than the plaintiff's bottle, which was sold in 8.5 fl. oz and 11 fl. oz versions:

**Plaintiff's Bottle:   Accused Product:**



The defendant moved for summary judgment arguing that "due to [the Accused Product's] size, and the fact that the Accused Product has an elongated neck, it diverges from" the design at issue, and therefore, there can be no infringement. *Id.* at 3. The Court rejected defendant's argument, explaining that "[w]hile it is true that '[a] design patent cannot…claim every conceivable shape and proportion that could arise from its basic design,' [] the Court must keep in mind that the ultimate goal of the design patent is to prevent the unauthorized manufacture, use, or sale of the article embodying the patented design **or any colorable imitation thereof**." *Id.* (internal citations omitted) (emphasis added). Thus, the court denied the defendant's motion for summary judgment holding that there was a "triable issue" of fact as a "a reasonable juror could find that an ordinary observer would conclude that the Accused Product, while slightly larger with a longer neck and a wider mouth, 'emobod[ies]' [plaintiff's design], 'or a colorable imitation thereof.'" *Id.* at *4.

Here, the size and proportion differences between the 8-ounce container (which is not in dispute for this Motion), the 4-ounce container, and Flipsi's product which embodies the Claimed Design are nowhere as substantial as the 27 fl. oz. and 8oz/11oz bottle containers at issue in *Kao*. To the contrary, both the 8-ounce container and 4-ounce container embody the Claimed Design;

or at the very least they both are a colorable imitation thereof. *Id*.; (FSOF, ¶ 35-38 ("all [of the 4-ounce container's] physical attributes are the same as the [8-ounce] except for its height.")).

TOMY's next elemental argument is that the "sidewalls of the 4oz. Pouch" are indisputably different from the claimed design and therefore, "as a matter of law, this undisputed difference is something an ordinary observer would take note of." (*See* TOMY's Mot, PageID #:1720). Such an assertion by TOMY is incorrect. The sidewalls of the 4-ounce insert, just like the Claimed Design "tape[r] inward from the very top" and are **not** "straight sidewalls that only tape[r] around the lower portion of the container" like TOMY suggests. (Flipsi's Resp. to TSOF, ¶¶ 43-45). Thus, TOMY's assertion that the 4-ounce container has "straight sidewalls" like the prior art cited by the Patent Examiner is wrong. Further, even if TOMY was correct that its 4-ounce bottle insert had straight sidewalls (it does not), this slight variance is not sufficient to entitle it to summary judgment for no infringement of the 4-ounce insert. *Kao v. Snow Monster Inc*., No. CV1708934RSWLGJSX, 2019 WL 2164192, at *3 (C.D. Cal. May 16, 2019).

*Lastly*, TOMY argues that because the 4-ounce insert "is not uniform, [but] includes a series of horizontal lines" this alone "demonstrates no reasonable juror could find" infringement. (TOMY's Mot, PageID #:1721.). Again, TOMY's position is incorrect. When a drawing for a design patent is not limited to any particular texture, color, size, or other material limitation (like the '574 Patent), "the patentee is entitled to the broadest reasonable construction" and such minor differences shall not prevent a finding of infringement. *Think Green Ltd. v. Medela AG*, No. 21 C 5445, 2022 WL 6123348, at *3 (N.D. Ill. Oct. 7, 2022) ("an inventor intending to claim a generically opaque surface, and not any particular material type, would use a line drawing with a blank surface, free of anything but contour lines, thereby claiming both an opaque and transparent surface."); *Transmatic, Inc. v. Gulton Indus., Inc*. 601 F.2d 904, 912-913 (6th Cir. 1979); *see also*

— 6 —

*Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("minor differences [shall not] prevent a finding of infringement.").

Here, Flipsi's '574 Patent is not limited in the pattern or material it claims. (FSOF ¶¶ 15, 17; Flipsi's Resp. TSOF ¶¶ 34-35). It contains no express disclaimers or limitations, meaning the Claimed Design includes opaque, textured, or translucent variations (such as a design with horizontal lines). (*Id.*); *In re Maatita*, 900 F.3d at 1377 (a "design patent can disclose multiple embodiments [] within its single claim."). Thus, this Court, should reject TOMY's notion that by simply placing horizontal lines on its 4-ounce product that it somehow avoids infringing Flipsi's patent. *Sun Hill Indus. v. Easter Unlimited*, 831 F. Supp. 1024, 1036 (E.D.N.Y. 1993), ("the fact that [defendant's] product has…no vertical lines… [does not] alter [a] finding of infringement.").

### 2. Hatch Has Provided Evidence to Support a Finding of Infringement for the 4-ounce Bottle Insert.

Contrary to TOMY's assertion that Flipsi's design expert provides "no evidence" to support a finding of infringement, Hatch has provided opinions and evidence that support a finding that a ordinary observer would consider the Claimed Design to be substantially similar to TOMY's four-ounce insert. (FSOF ¶ 33-37; Flipsi's Resp. TSOF ¶¶ 9-17, 29, 34-35, 37-46). In fact, beyond Hatch's infringement report (which contains an entire section on the 4-ounce insert), Hatch also testified that "the elements" of the 4-ounce and 8-ounce container "are very similar" if not "identical" and thus, the 4-ounce design would also lead to confusion. (Flipsi's Resp. TSOF ¶ 42).

### 1. Expert Testimony for Infringement is Not Required.

Notwithstanding Hatch's opinions and testimony, infringement under the ordinary observer test is a question of fact for the trier of fact that does not require expert testimony. *Dorman Prod., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 683 (E.D. Pa. 2016) ("Expert testimony is not required to prove infringement and the patentee may rely solely on comparison of the accused product to

the design depicted by the patent."); *Lee v. Mike's Novelties, Inc.*, 543 F. App'x 1010, 1015 (Fed. Cir. 2013) ("expert testimony is not necessary in patent cases involving technology that is 'easily understandable.'"). Mr. Hatch's opinions in this case are provided to assist the trier of fact in making its determination of infringement but by no means are required.

### B. THE '574 PATENT IS NOT INVALID FOR PRIOR ANTICIPATION BECAUSE THE DISCLOSURES RELIED UPON BY TOMY WERE NOT "PUBLIC".

An invention is anticipated for public use if the "the invention was ... in public use ... more than one year prior to the date of the application for patent." 35 U.S.C. § 102(b). But "[d]esign patents are presumed valid." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020). Thus, a party seeking to invalidate a design patent for anticipation via 35 U.S.C. § 102(b) "bears the burden of proving invalidity by clear and convincing evidence of facts which support the existence of a public use bar under § 102(b)." *Superior Graphite Co. v. Timcal SA*, No. 03 C 4904, 2005 WL 8177557, at *2 (N.D. Ill. Aug. 22, 2005); *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, No. 03 C 7713, 2008 WL 4083145, at *4 (N.D. Ill. Aug. 27, 2008) (denying defendant's motion for summary judgment because the defendant lacked clear and convincing evidence of public use prior to the critical date.). Not only has TOMY not met this burden, but the facts in evidence also support a finding by this Court that there was no public use.

#### 1. The Competitions and Disclosures TOMY Relies Upon Were Not Public.

TOMY's principal argument for invalidity for anticipation is that because "no confidentiality restriction[s]" existed for Flipsi's submissions and participation in certain competitions the '574 Patent is invalid for public use. (TOMY's Mot, PageID #:1723.). But courts have been clear that the absence of a confidentiality agreement is not dispositive on the issue of public use. *See Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F. 3d 1371, 1379 (Fed. Cir. 2004); *Cordis Corp. v. Bos. Sci. Corp.*, 561 F.3d 1319, 1335 (Fed. Cir. 2009). Instead, courts

consider "how the totality of the circumstances comports with the policies underlying the" public use bar. *Bernhardt*, 386 F. 3d. at 1379 (internal citations omitted).

Here, the totality of the circumstances demonstrates the '574 Patent was not in public use. *First*, it was Flipsi's understanding that the materials submitted to these competitions were not made public or were kept confidential, as only the judges (often a single judge) were the only ones who saw any such materials. (FSOF ¶¶ 7-10; Flipsi's Resp. TSOF ¶¶ 9-11, 13, 15-17, 21). *Second*, the norms surrounding these competitions demonstrate that the submissions were limited. *Cordis*, 561 F.3d at 1334 ("academic norms [can] g[i]ve rise to an expectation that disclosures will remain confidential."). For example, the Dare to Dream competition, was an ***internal*** University of Michigan ("UofM") program. (FSOF ¶¶ 8, 10). Likewise, the 2014 ASME IShow Competition submission was "another sort of student competition" that Flipsi actually "never made it into." (Flipsi's Resp. TSOF ¶ 12-13). Thus, the norms and circumstances surrounding the relevant competitions support a finding that the disclosures were not available to the public.

*Third*, anticipation requires "the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Systems, Inc. v. Kent State University,* 212 F.3d 1272, 1282 (Fed. Cir. 2000). Because Flipsi's final Claimed Design differs significantly from the earlier iterations depicted in the thumbnail renderings of these submissions,' any of these prior disclosures did not constitute a disclosure of the same prior art for public use. (FSOF ¶ 13; Flipsi's Resp. TSOF ¶¶ 9-11, 15-17, 22, 24-30).

### 2. The Court Should Exclude TOMY's Expert's Opinion on Anticipation.

*Lastly*, and most importantly, the only citation in the record that TOMY cites to support its claim that there is "no evidence" that these competitions were public is a conclusory statement

(and assumption) made by TOMY's expert in his report. (Flipsi's Resp. TSOF ¶ 13, 21, 32). In other words, TOMY is seeking to invalidate Flipsi's '574 Patent for anticipation via public disclosure, but the only evidence and citation it has in support of this fact is an assumption made by their expert. (*Id.*). Such an argument is absurd given that TOMY's expert is precluded from establishing the truth of any underlying facts upon which its opinion is based. *Goetz v. Hershman*, No. 06-CV-8180 (RPP), 2010 WL 2813497, at *13 (S.D.N.Y. July 15, 2010) ("Experts are not fact witnesses and [] are not competent to testify as to the underlying facts upon which the experts' opinions are based."); *Loeffel Steel Prod., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 809-10 (N.D. Ill. 2005). This Court should strike TOMY's expert's report and preclude TOMY's expert entirely from opining as to the facts on which he relies upon for his anticipation opinion.

### 3.     The ABC Kids Expo Trade Show Was Not Public and Was Within The Statutory Grace Period.

Any information Flipsi provided related to the ABC Kids Expo trade show was governed by and subject to a nondisclosure agreement.  (FSOF ¶¶ 11-13). While confidentiality agreements are not alone dispositive, courts have repeatedly found "no public use when the claimed invention was used by third parties pursuant to a confidentiality agreement." *Nat'l Graphics, Inc. v. Brax Ltd*, 151 F. Supp. 3d 903, 908 (E.D. Wis. 2015) (finding that a third party's "confidential prior use was not an invalidating public use" when governed by a nondisclosure agreement); *see also Dey, L.P. v. Sunovion Pharm., Inc.*, 715 F.3d 1351, 1355 (Fed. Cir. 2013). Further, even if no confidentiality agreement governed Flipsi's participation in the ABC Kids Expo, the trade show occurred September 7-10, 2024. (FSOF, ¶ 11, 16). Because the effective date of the application that the '574 Patent claims priority to is September 3, 2015, any disclosure made by Flipsi's inventors at the ABC Kids Expo trade show is not considered prior art. 35 U.S.C. § 102(b); *Illinois Tool Works, Inc. v. Solo Cup Co.*, 461 F.2d 265, 270 (7th Cir. 1972); (FSOF ¶¶ 12, 16).

### 4. Flipsi Did not Engage with Public Use with over 160 End-Users.

Lastly, contrary to TOMY's argument, Flipsi did not demonstrate physical prototypes to 160 individuals. (TOMY's Mot, PageID #:1724; Flipsi's Resp. TSOF ¶¶ 2-3, 5). Flipsi's co-inventors showed very early prototypes of both potential bottle types to only a few close friends and family in whom it had confidence that they would maintain the confidential and nonpublic nature of the prototypes. (FSOF, ¶ 14; Flipsi's Resp. TSOF ¶¶ 2-3, 5). Such disclosures do not invalidate Flipsi's Patent. *See e.g., Delano Farms Co. v. Cal. Table Grape Comm'n*, 778 F.3d 1243, 1249 (Fed. Cir. 2015) ("[D]emonstration of a prototype to 'friends and colleagues' was not invalidating because the evidence supported the existence of 'a general understanding of confidentiality.'"); *City of Elizabeth v. Am. Nicholson Pavement Co.,* 97 U.S. 126, 134 (1877).

### C. THE COURT SHOULD DENY TOMY'S REQUEST FOR SUMMARY JUDGMENT OF NO DESIGN PATENT DAMAGES.

"The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)." *Lewis v. Citgo Petroleum Corp*., 561 F.3d 698, 705 (7th Cir.2009) (citation cleaned up). "A *Daubert* inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.,* 689 F.3d 802, 805 (7th Cir.2012). Instead, the court's Rule 702 inquiry is "fact-dependent and flexible" *id*. at 810. The Advisory Committee Notes to Rule 702 explain that cases decided after *Daubert* show that "*the rejection of expert testimony is the exception rather than the rule.*" (emphasis added).

### 1. Harrington Is Competent to Issue an Opinion on Article of Manufacturer.

Calculating damages under 35 U.S.C. § 289 is a two-step process: (1) the article of manufacture must be identified, and (2) a calculation must be made of the infringer's total profit through its infringing use of that article of manufacture. *Samsung Elecs. Co., Ltd. v. Apple Inc.,*

137 S. Ct. 429, 434 (2016). "[T]he term 'article of manufacture' is broad enough to encompass both a product sold to a consumer as well as a component of that product." *Id*. at 435. Initially, it is the patentee's burden in "identifying the article of manufacture and proving the defendant's total profit from that article of manufacture" that it has selected. *Nordock, Inc. v. Sys., Inc.*, No. 11-CV-118, 2017 WL 5633114, at *3 (E.D. Wis. Nov. 21, 2017) (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846, 2017 WL 4776443, at *11 (N.D. Cal. Oct. 22, 2017) ("*Remanded Samsung*")). Then, "if the defendant contends that the article of manufacture is something else, the defendant has the burden to produce evidence as to this alternative article of manufacture." *Id*.

Harrington is competent to issue an opinion on the article of manufacture and did so by applying the four-factor test courts have used post-*Samsung* to identify the article of manufacture in this case as TOMY's entire bottle assembly (all Nursh bottle components and liners). (Flipsi's Resp. TSOF ¶¶ 53-56, 60). Harrington is a forensic accountant with over 24 years of experience serving as an expert in damages, financial, and accounting matters including numerous intellectual property disputes, patent infringement matters, and other commercial damages matters. (*Id*. ¶ 53-54). Like damages experts in other design patent cases, Harrington is qualified to use his training and experience as an accountant in relying upon the legal standards and materials he has in this case to issue an opinion on the first part of § 289 damages calculation. *See Nordock Inc. v. Sys. Inc*., No. 11-C-118, 2013 WL 989864, at *6-7 (E.D. Wis. Mar. 13, 2013) (finding that plaintiff's damages expert, who was an economist, was qualified in issuing an opinion under § 289 in a design patent case). While "another expert might disagree, [such] disagreement does not render the opinion inadmissible." *United States v. Brumley,* 217 F.3d 905, 911–12 (7th Cir. 2000).

Contrary to TOMY's argument for disqualification, special knowledge or expertise (particularly for a non-complex patent design case) is not necessary for an expert witness to

identify the article of manufacture and give an opinion on damages resulting from the article of manufacture that the witness has selected. *Kyocera Wireless Co. v. President Elecs., Ltd*., 179 Fed.Appx. 53, 54 (Fed. Cir. 2006) (expert evidence "may be necessary in cases involving complex technology" but not in a simple design-patent case); *Tecumseh Prod. Co. v. Briggs & Stratton Corp.*, 295 F. Supp. 2d 902, 915 (E.D. Wis. 2003).

> **2.** **Even if Harrington was not competent, the Article of Manufacture is a Question for the Trier of Fact and his Opinion on Damages Undoubtedly Helps the Trier of Fact on this Issue**.

"It is undisputed that determining the article of manufacture is a question for the [trier of fact]." *Shure Inc. v. ClearOne, Inc*., No. CV 19-1343-RGA-CJB, 2021 WL 7209740, at *8 (D. Del. Oct. 5, 2021). Therefore, courts have declined to exclude damages experts opinions regarding the article of manufacture, particularly when it is helpful to the trier in fact. *Id.* ("[b]ecause [the damages expert's] opinions-at-issue could be relevant to this analysis, the Court concludes that any decision regarding exclusion of those opinions would be premature at this juncture."); *Kitsch LLC v. Deejayzoo, LLC*, No. SACV1902556JAKRAOX, 2023 WL 4291445, at *7 (C.D. Cal. May 8, 2023) ("an expert opinion concerning how to identify the appropriate article of manufacture could be helpful to the jury in analyzing the relevant factors."). Because Harrington's report and his analysis would help the trier of fact determine the article of manufacture it should not be excluded at the summary judgment stage. *See Smith v. Ford Motor Co*., 215 F.3d 713, 718 (7th Cir. 2000) (finding the district court abused its discretion when it excluded plaintiff's proposed experts as their testimony would have assisted the trier the fact).

> **3.** **Flipsi's Design Patent Damages are Based on TOMY's Own Records And are not speculative.**

Harrington's damages report is not speculative nor is it unreliable. *First*, as explained *supra*, Harrington applied the 4-factor test courts use and properly identified an article of manufacture for which his damages calculation is based upon. (Flipsi's Resp. TSOF ¶¶ 53-56, 60).

If TOMY disputes what the article of manufacture is, it has every right to do so—but, such disagreement does not render the opinion and analysis contained in Harrington's report "speculative," particularly when Harrington walks through each of the *Samsung* factors to help the trier of fact make its determination on what the article of manufacture is. *See Nordock, Inc. v. Sys., Inc.*, No. 11-CV-118, 2017 WL 5633114, at *3 (E.D. Wis. Nov. 21, 2017).

*Second*, Harrington was not required to offer an opinion only on the 4-ounce insert, or to apportion TOMY's total profits to only the insert component in order for his opinion to be reliable. Patent law has been clear since the enactment of 35 U.S.C. § 289 that experts like Harrington when calculating the "total profit" are not to apportion profit to only the component—*i.e.*, the 4-ounce insert. *See id.* at *5-6 (discussing history of § 289 and explaining that "[t]he only reasonable reading of § 289 is that 'total profit' refers to all of the profit from the sale of the article of manufacture, irrespective of whether the article of manufacture is the entire product or only a component of it."). In fact, even the case relied upon by TOMY rejected Samsung's argument (which TOMY appears to adopt) for limiting the total profits calculation only to "the portion of the product as sold that incorporates or embodies the subject matter of the patent." *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1002 (Fed. Cir. 2015).

*Lastly*, as demonstrated above, Flipsi has more than enough evidence to demonstrate that the 4-ounce bottle insert infringes the Claimed Design, so Harrington's opinion on damages that includes the 4-ounce insert does not render it speculative. Regardless, Harrington's report and testimony makes clear that should the Court determine that his opinion and article of manufacture be narrowed in this case, the necessary data for calculating damages between the 4-ounce and 8-ounce inserts is available to present at trial. (Flipsi's Resp. TSOF ¶ 56).

### 4. Harrington's Breach of Contract Damages Should Not Be Excluded.

Harrington's opinion regarding breach of contract damages is reliable. "[T]he critical metric in determining reliability is whether there is a sufficient connection between the methodology and the opinion offered; [only] if the opinion is connected to the underlying information '[b]y the ipse dixit of the expert,' then it may be properly excluded." *Martin v. F.E. Moran, Inc*., No. 13 C 03526, 2017 WL 1105388, at *3 (N.D. Ill. Mar. 24, 2017). Here, Harrington bases his damage's opinion for breach of contract on his experience and expertise, the historical sales records of Flipsi, an analysis of TOMY impacting the market, and other evidence provided in the case—not solely because he said so. (FSOF, ¶ 39-40). Therefore, it should not be excluded. *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) (expert was reliable because he did more than "simply testify that [the party]'s performance was commercially reasonable because he said so."). Moreover, any of TOMY's criticisms regarding Harrington's methods or opinion goes to weight, and not admissibility. *Id*. at 762.

Lastly, irrespective of Harrington's damage's opinion on breach of contract, the record is full of evidence for Flipsi to establish damages concerning its breach of contract claim. TOMY and Flipsi sales records, revenue, and other financial documents have been produced providing a sufficient foundation for the trier of fact to determine damages for Flipsi's breach of contract claim. (FSOF, ¶ 40 attachment and exhibits). TOMY's 30(b)(6) witness has already laid a foundation for the TOMY financial records produced and Flipsi's witnesses can do the same for the Flipsi sales records. *See e.g. Von der Ruhr v. Immtech Int'l, Inc*., 570 F.3d 858, 862 (7th Cir. 2009) (a lay witness "may testify to his expectation of continued or expanded profits when that opinion is based on his 'knowledge and participation in the day-to-day affairs of [his] business.'").

## V.     **CONCLUSION**

For these reasons, TOMY's Motion for Partial Summary Judgment should be denied in its entirety and Flipsi's Motion to Exclude TOMY's Expert's anticipation opinion should be granted.

Dated:  August 15, 2024                    Respectfully submitted,

                                           */s/ Jaye Quadrozzi*
                                           Jaye Quadrozzi
                                           J. David Garcia *(pro hac vice)*
                                           **Varnum LLP**
                                           480 Pierce Street, Suite 300
                                           Birmingham, MI 48009
                                           Tel: (248) 567-7874
                                           Email: jcquadrozzi@varnumlaw.com
                                                     jdgarcia@varnumlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on August 15, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


<u>*/s/ Jaye Quadrozzi*</u>
Jaye Quadrozzi