UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FLIPSI, LTD.**,

       Plaintiff,

  vs.

**TOMY INTERNATIONAL, INC.,**

       Defendant.

Case No. 23-cv-00745

Judge Matthew F. Kennelly
Magistrate Judge Jeffrey T. Gilbert

**PLAINTIFF FLIPSI, LTD'S REPLY
IN SUPPORT OF PLAINTIFF'S MOTION TO
EXCLUDE DEFENDANT'S EXPERT'S ANTICIPATION OPINION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................. 1

        A. The Court Should Exclude TOMY's Expert's Opinion on Anticipation Because Kemnitzer is Not Competent to Testify as to the Truth of the Confidential Nature of any of the Competitions Flipsi Participated in. ................... 1

        B. Flipsi Identifies Exactly Where TOMY's Expert's Manifestly Improper Opinions Are Located. .................................................................................................... 4

        C. Jeffrey Plott's Declaration is Not a Sham. ............................................................. 5

III. CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Goetz v. Hershman*,
    2010 WL 2813497 (S.D.N.Y. July 15, 2010) ................................................................. 3

*Noone v. Presence Hosps. PRV*,
    149 F. Supp. 3d 904 (N.D. Ill. 2015) ........................................................................... 5

*Richman v. Sheahan*,
    415 F. Supp. 2d 929 (N.D. Ill. 2006) ....................................................................... 1, 3

*Sommerfield v. City of Chicago*,
    254 F.R.D. 317 (N.D. Ill. 2008) ................................................................................... 4

*Summons v. Chicago Bd. of Educ.*,
    289 F.3d 488 (7th Cir. 2002) ....................................................................................... 5

*Thomas v. Barze*,
    57 F. Supp. 3d 1040 (D. Minn. 2014) .......................................................................... 3

*Wier v. United Airlines, Inc.*,
    2024 WL 1328792 (N.D. Ill. Mar. 28, 2024) ............................................................... 5

I.  INTRODUCTION

It is bedrock law that expert witnesses are not fact witnesses, and their testimony cannot be used to establish the truth of the facts underlying their opinions.  "There is a critical distinction between an expert testifying that a disputed fact actually occurred … and an expert giving an opinion based upon factual assumptions, the validity of which are for the jury to determine[;] **[t]he former is manifestly improper, the latter is not**."  *Richman v. Sheahan*, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006).

Here, TOMY's expert's report on invalidity for anticipation is based upon several self-serving statements regarding the truth of what factually occurred, which implicates this critical distinction.  Because it would be "manifestly improper" to allow TOMY's expert, Ronald Kemnitzer, to testify as to the truth of a factual matter in dispute—namely the existence or non-existence of the confidential nature of Flipsi's participation in certain competitions—and then issue an invalidity opinion based upon such testimony, this Court should strike Mr. Kemnitzer's opinion on anticipation, which is entirely based upon such improper statements.

II.  ARGUMENT

    A.  **The Court Should Exclude TOMY's Expert's Opinion on Anticipation Because Kemnitzer is Not Competent to Testify as to the Truth of the Confidential Nature of any of the Competitions Flipsi Participated in.**

TOMY argues in its motion for partial summary judgment that "no confidentiality restriction[s]" existed for certain design competitions that Flipsi participated in and therefore, Flipsi's '574 Patent is invalidated for public use because certain documents submitted in relation those competitions were publicly disclosed.  *See* ECF No. 88, PageID#: 1723.  As factual support

1

for this argument, TOMY cites to paragraphs 13 and 21 of its Statement of Undisputed Facts, ECF No. 87 (hereinafter, "TSOF"). Paragraphs 13, 21, and 32[1] of TOMY's TSOF provide:

> 13. There is no evidence that the judges of 2014 ASME IShow Competition were bound by any type of confidentiality or non-disclosure agreement. (Ex. G: Attachment 1: ¶ 44).
>
> * * *
>
> 21. There is no evidence that the judges of 2014 Dare to Dream Competition were subject to any type of confidentiality or non-disclosure agreement. (Ex. G: Attachment 1: ¶ 38)
>
> * * *
>
> 32. There is no evidence of any participant in the 2014 ABC Kids Expo being bound by any type of confidentiality or non-disclosure agreement. (Ex. G: Attachment 1: ¶ 38).

*See* ECF No. 87, PageID#: 908, 910-911.

Importantly, the *only* citation TOMY provides for each of the above purported "statements of undisputed facts" is a portion of TOMY's expert's report—*i.e.*, paragraphs 38 and 44 of Exhibit G: Attachment 1. Paragraphs 38 and 44 of Exhibit G: Attachment 1 of TOMY's expert's report states the following:

> 38. **I am not aware of any confidentiality restrictions** related to the application for the Dare 2 Dream competition, and Mr. Jeff Plott did not indicate during this deposition that there were any such confidentiality restrictions. I am also not aware of any confidentiality restrictions pertaining to the judges evaluating the competition submissions.
>
> 44. **The lack of confidentiality and non-disclosure component of the Dare2Dream competition and other competitions exposed the design of the claimed invention to the public domain** as early as the first "pitch" competition of in the spring or summer of 2014 and continued with similar exposure in the Greenlight Business Model Competition in 2014 (Awarded 2ndPrize). and the ASME (American Society of Mechanical Engineering) 2014 "I Show."….

*See* ECF No. 87-7, PageID#:1170, 1172 (emphasis added).

---

[1] While TOMY did not explicitly cite to paragraph 32 of its TSOF anywhere in its Memorandum in Support of Its Motion for Partial Summary Judgment, ECF No. 88, TOMY makes a similar affirmative factual assertion as to its statements in paragraphs 13 and 21 of its TSOF. [ECF No. 87, PageID#: 908, 910].

Because it would be "manifestly improper" to allow TOMY's expert, Mr. Kemnitzer, to testify to the above statements and then issue an invalidity opinion based entirely on such testimony, this Court should strike Mr. Kemnitzer's opinion on anticipation. As noted above, expert witnesses play a specific role in a lawsuit, and that role does not include establishing the facts that inform their opinions: "Experts are not fact witnesses and [] are not competent to testify as to underlying facts upon which the experts' opinions are based." *Goetz v. Hershman*, No. 06-CV-8180 (RPP), 2010 WL 2813497, at *13 (S.D.N.Y. July 15, 2010); *Richman*, 415 F. Supp. 2d at 942; *see also Thomas v. Barze*, 57 F. Supp. 3d 1040, 1059 (D. Minn. 2014) (applying *Richman* and finding that the expert's report included inadmissible opinions because it "directly opine[d] on what factually occurred").

In *Thomas* the plaintiff filed a motion to exclude the defendant's expert report arguing that the expert's opinion was flawed because it, *inter alia*, improperly endorsed the truth of the Defendant's version of facts to reach the expert's opinion and conclusion. *Thomas*, 57 F.Supp.3d at 1058-59. The court agreed explaining that "not only is it based on an assumption that [the Defendant's] version of the events is true, but [it] also appears to **actually adopt and endorse** [Defendant's] version of the events." *Id*. at 1059 (emphasis in original). Thus, the court affirmed the longstanding principle that "an expert may testify to opinions where her opinion is based on facts, the truth of which she would or could not testify to." *Id*.

Here, TOMY's expert, Ronald Kemnitzer, is not a fact witness. He is not permitted to testify as to the truth and validity of the underlying facts upon which any of his opinions are based. This means he is not permitted to testify and/or establish the truth surrounding whether confidentiality restrictions existed, or not. *Richman*, 415 F. Supp. 2d at 942 (N.D. Ill. 2006); *Thomas*, 57 F. Supp. 3d at 1059. In fact, as demonstrated by Flipsi in its Response to TOMY's

3

Motion for Summary Judgment, TOMY's expert is factually wrong regarding the confidential nature of Flipsi's participation in certain competitions and/or the lack of any confidentiality agreements. *See Sommerfield v. City of Chicago*, 254 F.R.D. 317, 326 (N.D. Ill. 2008) (expert opinion is objectionable where there is no "affirmative proof of the underlying facts" upon which the opinion is based); *see also* Flipsi's Resp. and Mot. to Exclude, ECF No. 97, PageID#:4180-83. This Court should strike TOMY's expert's opinion on anticipation and preclude TOMY's expert entirely from opining as to the facts on which he relies upon in issuing his anticipation opinion, namely in paragraphs 38 and 44 of Exhibit G: Attachment 1, ECF No. 87-7, PageID#: 1170, 1172.

### B. Flipsi Identifies Exactly Where TOMY's Expert's Manifestly Improper Opinions Are Located.

In response to the above argument,[2] TOMY argues that this Court should ignore Flipsi's motion to exclude in its entirety because Flipsi has failed to direct the Court to the specific paragraphs in Mr. Kemnitzer's report that should be stricken. This is not so.

Rather, on pages 9-10 of Flipsi's response, Flipsi cites to paragraphs 13, 21, and 32 of Flipsi's Response to Movant TOMY International, Inc.'s Statement of Undisputed Facts ("Flipsi's Resp. TSOF")—which correlate to and incorporate the improper sections from TOMY's expert report. *See* Flipsi's Resp. and Mot. to Exclude, ECF No. 97, PageID#:4181-82. For further clarity for the Court, and in accordance with the LR56.1(b), Flipsi also listed its objections to Mr.

---

[2] Both sides were instructed to make all *Daubert* arguments in their summary judgment briefing. ECF No. 83 (stating that all "Daubert-based and other requests to exclude expert testimony pertinent to the summary judgment motions **are to be included in the summary judgment briefing**."). Thus, Flipsi, similar to TOMY, appropriately used its citations to the record to direct the Court to specific paragraphs and/or portions of Mr. Kemnitzer's report that were in issue. *See* Flipsi's Resp. and Mot. to Exclude, ECF No. 97, PageID#:4181-82; *see also* Flipsi's Resp. TSOF, ECF No. 98, PageID#: 4196, 4199, 4205.

Kemnitzer's report in paragraphs 13, 21, and 32 of Flipsi's Resp. TSOF.  *See* ECF No. 98, PageID#: 4196, 4199, 4205.

Given the foregoing citations, TOMY's argument on this point is without merit and must be rejected.

### C. Jeffrey Plott's Declaration is Not a Sham.

Lastly, related to the issue of the confidential nature of Flipsi's involvement in certain competitions, TOMY argues that Flipsi submitted a "sham affidavit." ECF No. 102, PageID#: 4850-51. The sham affidavit rule, however, does not bar the use of Jeffrey Plott's Declaration (Flipsi Exhibit 3, ECF No. 100 - Filed Under Seal) because that Declaration does not contradict any of Mr. Plott's prior deposition testimony, but rather supplements it. *See Wier v. United Airlines, Inc.*, No. 1:19-CV-07000, 2024 WL 1328792, at *5 (N.D. Ill. Mar. 28, 2024) (citing to *Summons v. Chicago Bd. of Educ.*, 289 F.3d 488, 492 (7th Cir. 2002).

Tellingly, TOMY does not even identify what "contradicting facts" now exist as a result of Flipsi purportedly submitting a "sham affidavit." *See id*. (finding that the sham affidavit rule did not bar the witnesses' declaration "because [the defendant] does not identify [any] contradicting facts…[therefore, plaintiff's] averments in the declaration may be considered."). TOMY's failure to adequately obtain complete answers during its depositions of Flipsi's witnesses before moving for summary judgment does not mean it can prevent non-contradicting testimony that clarifies and augments ambiguous portions of the record. *See Noone v. Presence Hosps. PRV*, 149 F. Supp. 3d 904, 911 (N.D. Ill. 2015) (courts may consider affidavits at the summary judgment stage that legitimately clarify or augment prior sworn deposition testimony). Accordingly, this Court may, and should, properly consider Jeffrey Plott's Declaration. *See* Flipsi Exhibit 3, ECF No. 100 - Filed Under Seal.

## III. CONCLUSION

For these reasons, and the reasons stated in Flipsi's Memorandum of Law in Opposition to TOMY's Motion for Partial Summary Judgment, TOMY's Motion should be denied in its entirety and Flipsi's Motion to Exclude TOMY's Expert's anticipation opinion should be granted.

Dated: September 19, 2024

Respectfully submitted,

*/s/ Jaye Quadrozzi*
Jaye Quadrozzi
J. David Garcia *(pro hac vice)*
**VARNUM LLP**
480 Pierce Street, Suite 300
Birmingham, MI 48009
Tel: (248) 567-7874
Email: jcquadrozzi@varnumlaw.com
jdgarcia@varnumlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 19, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jaye Quadrozzi*
Jaye Quadrozzi